UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEILA M. PONFIL,

    Plaintiff,

                 Case No. 20-cv-1272-pp

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

  The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

  To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

  Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is not married, and she has a 30-year-old daughter she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's only source of income is $1,440 "retirement" monthly, and she lists $1,642 of monthly expenses ($600 rent, $1042 other household expenses). Id. at 2. The plaintiff does not

1

own her car or her home or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I have not worked since 2016. I take care of my disabled adult daughter with just my retirement income. I pay what I can when I can. I have no money for filing fees." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits, that she is disabled, that the Social Security Administration committed error of law by denying Appeals Council review of the decision by the administrative law judge, and that the conclusions and findings of fact by the Commissioner of Social Security when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of

2

the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 20th day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 1:20-cv-01272-PP   Filed 08/20/20   Page 3 of 3   Document 4